UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23146-CV-UNGARO
MAGISTRATE JUDGE REID

TIRE GROUP INTERNATIONAL, LLC,

    Plaintiff,

v.

TIRE GROUP INVESTMENT, LLC, and
ALEJANDRO J. QUINTERO,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON PLAINTIFF'S AMENDED MOTION FOR ATTORNEYS' FEES AND COSTS [ECF No. 32]

This matter is before the Court on Plaintiff TIRE GROUP INTERNATIONAL, LLC's Amended Motion for Attorneys' Fees and Costs, filed pursuant 15 U.S.C. § 1117(a) and Fed. R. Civ. P. 54. [ECF No. 32]. This cause has been referred to the Undersigned to take all necessary and proper action as required by law. [ECF No. 30].

To briefly summarize, Plaintiff filed this trademark and unfair competition case against Defendants TIRE GROUP INVESTMENT, LLC and ALEJANDRO J. QUINTERO (collectively the "Defendants") on July 29, 2020. [ECF No. 1]. On August 4, 2020, Defendant TIRE GROUP INVESTMENT, LLC was served copies of the Summons and Complaint via its registered agent [ECF No. 16], and Defendant ALEJANDRO J. QUINTERO was personally served. [ECF No. 17]. Defendants did not file an answer or otherwise respond to the Complaint, and the Clerk of Court entered a Clerk's Default against the Defendants on August 28, 2020. [ECF No. 21].

Plaintiff then filed a Motion for Default Final Judgment and Motion for Permanent Injunction against Defendants [ECF No. 22], which the Court granted. [ECF Nos. 25, 26]. In

granting Plaintiff's Motion, the Court authorized Plaintiff to file a separate motion to recover the reasonable fees and costs associated with bringing this action. [ECF No. 25 at 3].

Plaintiff then filed its original Motion for Attorneys' Fees and Costs. [ECF No. 28]. However. Because Plaintiff failed to meet and confer with Defendants prior to filing the Motion pursuant to S.D. Fla. L.R. 7.1(a)(3) and S.D. Fla. L.R. 7.3, the Motion was denied without prejudice. [ECF Nos. 31, 35].

Plaintiff then attempted to confer with Defendants, sending both an email and a letter via overnight delivery using United Parcel Post ("UPS") delivery. [ECF Nos. 32-1, 32-2]. The email was returned as undeliverable, however the letter was confirmed as received by UPS on October 26, 2020 at 9:36 AM. [ECF No. 32-3]. Plaintiff has not received any response from either Defendant in this case.

After attempting to confer with Defendants, Plaintiff filed the instant Amended Motion for Attorneys' Fees and Costs. [ECF No. 32]. The Undersigned Ordered Defendants to respond to the Amended Motion by **November 13, 2020**, and the Order was sent to Defendants by the Clerk of Court via U.S. Mail. [ECF No. 33]. In the Order, Defendants were warned that failure to file a response by November 13, 2020 may result in a report and recommendation that the Amended Motion for Attorneys' Fees be granted by default. [*Id.*] (citing S.D. Fla. L.R. 7.1(c)(1)).

Despite this, Defendants have refused to respond to any of Plaintiff's filings or the Court's Orders. Defendants' failure to respond alone is sufficient reason to grant Plaintiff's Amended Motion by default. *See Affiliati Network, Inc. v. Neill*, Case No. 19-23781-CV-UNGARO/O'SULLIVAN, 2020 U.S. Dist. LEXIS 29667, at *2-5 (S.D. Fla. Feb. 20, 2020) (citing S.D. Fla. L.R. 7.1(c)(1)), *R. & R. adopted* at ECF No. 27 (S.D. Fla. Mar. 6, 2020).

Nevertheless, and in an abundance of caution, the Amended Motion should also be granted because the amount attorneys' fees sought are reasonable, both in terms of the hourly rate requested and the number of hours expended in this case. *See ACLU v. Barnes*, 168 F.3d 423, 427 (11th Cir. 1999) (quoting *Blum v. Stenson*, 465 U.S. 886, 888 (1994)) (a reasonable attorneys' fee award is "properly calculated by multiplying the number of hours reasonably expended on the litigation times a reasonable hourly rate.").

First looking to the hourly rate, the Undersigned finds that the requested rates are reasonable. Plaintiff's counsel voluntarily reduced its hourly rate for partner Eduardo A. Ramos, Esq. from $725 per hour to $475 per hour, for partner Ilene Pabian, Esq., from $735 per hour to $475 per hour, and for associate Daniel P. Hanlon, Esq. from $545 per hour to $350 per hour. [ECF No. 32 at 5-6]. Plaintiff provided a Declaration from attorney Jamie Rich Vining, Esq., an experienced local intellectual property attorney, which stated that the reduced rates charged by Plaintiff's counsel are similar to the prevailing rates for attorneys in this legal market. [ECF No. 32-5]. Defendants, by nature of their default and failure to respond, do not contest this, and the Undersigned finds that the requested hourly rates are reasonable because they are comparable to those persons with similar skill and experience in this legal market.

Next, looking to the number of hours expended by Plaintiff's counsel, the Undersigned finds that the time expended is reasonable as well. Counsel billed a total of 33.7 hours through the entry of the Default Final Judgment in this case. After voluntarily deducting 2.4 hours, Plaintiff seeks to recover for 31.3 total hours of time expended by counsel. The Declaration from Ms. Vining establishes that this amount of time is reasonable, and Defendants again do not contest this. Further, this Court has previously concluded that even more time expended on similar cases through entry of a default judgment was reasonable. *See, e.g., Palm Partners, Ltd. Liab. Co. v.*

3

*Netnames*, Case No. 17-CV-80577, 2018 U.S. Dist. LEXIS 123248, at *11 (S.D. Fla. July 20, 2018) (37.94 hours expended in a similar case was reasonable), *R. & R. adopted* at ECF No. 23 (S.D. Fla. Aug. 30, 2018).

Applying the "lodestar" method, the total amount of reasonable attorneys' fees the Court should award Plaintiff is $14,817.50, jointly and severally against both Defendants. This amount of attorneys' fees is overall reasonable, as Ms. Vining stated in her Declaration that she would expect a case similar this to cost between $18,500 and $25,000 to successfully obtain a default final judgment in this Court. [ECF No. 32-5 at 10].

Next, Plaintiff's request for non-taxable costs should also be granted. The Lanham Act allows a prevailing party to recover "the costs of the action" from the non-prevailing party. 15 U.S.C. § 1117(a). Plaintiff is indisputably the prevailing party in this action and Defendants do not dispute entitlement to recover these costs. Accordingly, Plaintiff should be allowed to recover **non-taxable costs of $876.31**, which are "the costs of this action" consisting of $858.41 in Westlaw fees, and $17.90 for Pacer fees.

Finally, Plaintiff's request for taxable costs should be granted. Pursuant to 28 U.S.C. § 1920, Plaintiff seeks reimbursement of $400 for the filing fee paid in this case, and $120 for service of process on the two Defendants, for a total of **$520 in taxable costs**. Fed. R. Civ. P. 54(d)(1) allows for the recovery of these costs to the prevailing party, and Plaintiff is the prevailing party in this action. Accordingly, Plaintiff should be allowed to recover these fees jointly and severally from Defendants.

Accordingly, is it hereby **RECOMMENDED** that Plaintiff's Amended Motion for Attorneys' Fees and Costs [ECF No. 32] be **GRANTED** and Plaintiff be awarded a total of **$16,213.81**, consisting of $14,817.50 in attorneys' fees; $876.31 in non-taxable costs; and $520 in

taxable costs. These costs and fees should be recoverable jointly and severally against Defendants TIRE GROUP INVESTMENT, LLC and ALEJANDRO J. QUINTERO.

Pursuant to S.D. Fla. Mag. J. R. 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report and shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. *See* 28 U.S.C. § 636(b)(1); *see also* 11th Cir. R. 3-1; *Patton v. Rowell*, 678 F. App'x. 898 (11th Cir. 2017).

**SIGNED** this 16th day of November, 2020.

_____
UNITED STATES MAGISTRATE JUDGE

cc:     **Tire Group Investment, LLC**
        **c/o Alex Pina Co., Reg. Agent**
        8400 NW 36th Street
        Suite 450
        Doral, FL 33166
        *PRO SE*

        **Alejandro J Quintero**
        6341 N.W. 87th Avenue
        Miami, FL 33178
        *PRO SE*