UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-23146-CV-RUIZ

TIRE GROUP INTERNATIONAL, LLC, a
Delaware limited liability company

      Plaintiff,
v.

TIRE GROUP INVESTMENT, LLC, a Florida
limited liability company; and ALEJANDRO J.
QUINTERO, an individual,

      Defendants.
_____/

## REPORT AND RECOMMENDATION AND CERTIFICATION OF FACTS CONSTITUTING CONTEMPT

This cause is before the Court following a contempt hearing held on November 17, 2021. *See* [ECF Nos. 45, 47]. This matter was referred to the Undersigned by United States District Judge Rodolfo A. Ruiz II. [ECF No. 43]. For the reasons stated below, the Undersigned respectfully recommends that Defendants Tire Group Investment, LLC and Alejandro J. Quintero be held in contempt of court based upon their failure to comply with the following Court orders: (1) Final Default Judgment and Permanent Injunction, enjoining them from infringing on Plaintiff's trademarks and ordering them to file with the Court and serve on Plaintiff a report in writing under oath showing how they have complied with the Order [ECF No. 26]; (2) Order Amending Final Default Judgment, holding both defendants jointly and severally liable to Plaintiff in the amount of $16,213.81 [ECF No. 42]; (3) Order Granting Plaintiff's Motion to Show Cause, requiring them to show cause as to why they should not be held in contempt and compelling them to complete a Florida Rule of Civil Procedure Form 1.977(a) Fact Information Sheet [ECF No. 44]; and (4) Order directing them to appear in court on November 17, 2021, for a contempt hearing. [ECF No. 45].

1

The Undersigned further recommends that a fine of $100 per day continue to be imposed upon Defendants until they purge themselves of the contempt. Lastly, it is recommended that Defendants be held jointly and severally liable for the costs and fees Plaintiff incurred in bringing this motion, which total to $2,442.50. *See* [ECF No. 51].

## I.     Legal Standard

"The District Court's power to find [a party] in civil contempt for disobeying the Court's orders stems from the Court's inherent power to enforce compliance with its lawful orders." *Casino Royale, LLC v. Fittipaldi Industria Nautica Ltd a*, No. 13-21891-CIV, 2017 WL 10775240, at *3 (S.D. Fla. Feb. 16, 2017), *report and recommendation adopted sub nom. Casino Royale, LLC v. Fittipaldi Industria Nautica Ltda.*, No. 1:13-CV-21891-UU, 2017 WL 10775239 (S.D. Fla. Mar. 8, 2017) (citing *United States v. Barnette*, 129 F.3d 1179, 1182 n. 7 (11th Cir. 1997)). "'To find contempt, there must be clear and convincing evidence that: (1) the allegedly violated order was valid and lawful; (2) the order was clear, definite and unambiguous; and (3) the alleged violator had the ability to comply with the order.'" *Longhi v. AMG Fin. Grp., Inc.*, No. 19-23047-CIV, 2020 WL 9460327, at *2 (S.D. Fla. Dec. 1, 2020), *report and recommendation adopted*, No. 19-23047-CIV, 2021 WL 3855898 (S.D. Fla. Aug. 27, 2021) (quoting *Brother v. BFP Invs., Ltd.*, No. 03-60129-CIV-MARRA, 2010 WL 2978077, at *2 (S.D. Fla. June 1, 2010), *report and recommendation adopted*, No. 03-60129-CIV-MARRA, 2010 WL 2978080 (S.D. Fla. July 26, 2010)). "To overcome a finding of contempt, the contemnor must prove that despite all reasonable efforts to comply with the court's order, compliance was impossible." *Brother*, 2010 WL 2978077, at *2.

## II.     Certification of Facts

Pursuant to 28 U.S.C. § 636(e), the Undersigned makes the following findings of fact, which were proven by clear and convincing evidence, and are certified to the District Court as establishing contempt of court.

Plaintiff filed this trademark infringement action alleging that Defendants infringed upon its "Tire Group" and "TGI" marks. [ECF No. 1]. Plaintiff effectuated service of process on Defendants on August 4, 2020. *See* [ECF Nos. 11 and 12]. Because Defendants failed to appear or otherwise answer Plaintiff's complaint by August 25, 2020, Plaintiff filed a Motion for Clerks Entry of Default. [ECF No. 20]. The same day, the Clerk of Court entered default against Defendants. [ECF No. 21]. Plaintiff next filed a Motion for Final Default Judgment. [ECF No. 22]. The Court then issued an Order Granting Plaintiff's Motion, [ECF No. 25], and a Final Default Judgment and Permanent Injunction. [ECF No. 26]. The Final Default Judgment and Permanent Injunction enjoined Defendants from infringing on Plaintiff's trademarks and ordered them to "file with the Court and serve on Plaintiff a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the Order." [*Id.*].

Plaintiff later filed a Motion and an Amended Motion for Attorney's Fees and Costs [ECF Nos. 28, 32], which the Court granted [ECF No. 37] and incorporated in its Order Amending Final Default Judgment. [ECF No. 42]. Under the Amended Order, Defendants were deemed jointly and severally liable to Plaintiff in the amount of $16,213.81. [*Id.*]

After Defendants failed to comply with the Court's Orders, Plaintiff filed a Motion for Order to Show Cause and for Order Requiring Completion and Service of Fact Information Sheet. [ECF No. 40]. The Undersigned granted that Motion on June 30, 2021 and ordered Defendants to: (1) show cause as to why they should not be held in contempt for failing to comply with the Court's order granting default judgment; and (2) complete a Florida Rule of Civil Procedure Form 1.977(a)

Fact Information Sheet within 30 days of the issuance of the Order. [ECF No. 44]. Defendants, again, failed to comply with the order and did not otherwise respond to Plaintiff's Motion.

On November 17, 2021, the Undersigned held an in-person contempt hearing so Defendants could "either demonstrate that they have complied with the Final Default Judgment, [ECF No. 26], and the Court's Order, [ECF No. 44], or show cause as to why they should not be held in contempt for their failure to comply." [ECF No. 45]. The clerk then mailed Defendants a copy of the Court's Order via certified mail. [ECF No. 46]. Neither Defendant appeared at the contempt hearing. [ECF No. 47]. During the hearing, Plaintiff requested that Defendants be held in contempt and that the Court issue a continuing fine of $100 per day until Defendants purge themselves of contempt. The Court is aware that corporate entity Tire Group Investment, LLC, is dissolved.

Defendant Tire Group Investment, LLC received a copy of the order setting the contempt hearing. [ECF No. 48]. Defendant Alejandro J. Quintero's copy was returned as undeliverable. [ECF No. 50]. To date, however, Defendants have not challenged their receipt of notice of the contempt hearing or any of the Court's orders.

### III.   Recommendations

Based on the foregoing factual findings, the Undersigned respectfully **RECOMMENDS** the Court

1. Issue an order holding Defendants Tire Group Investment, LLC and Alejandro J. Quintero in contempt of court;

2. Continue to impose a fine of $100 per day until Defendants purge themselves of the contempt; and

3.        Issue an order holding Defendants Tire Group Investment, LLC and Alejandro J. Quintero jointly and severally liable to Plaintiff in the amount of $2,442.50, which represents the costs and fees Plaintiff incurred in bringing this motion.

Objections to this Report and Recommendation may be filed with the District Judge within fourteen days of receipt of a copy of such. Failure to do so will bar a *de novo* determination by the District Judge of anything in the Report and Recommendation and will bar an attack, on appeal, of the factual findings of the Magistrate Judge. *See* 28 U.S.C. § 636(b)(1)(C); *see also Thomas v. Arn*, 474 U.S. 140, 149 (1985).

**DONE AND ORDERED** this 19th day of January, 2022.

_[signature]_
LISETTE M. REID
UNITED STATES MAGISTRATE JUDGE

cc:    **U.S. District Judge Rodolfo A. Ruiz, II**

**Tire Group Investment, LLC**
c/o Alex Pina Co., Reg. Agent
8400 NW 36th Street
Suite 450
Doral, FL 33166
PRO SE

**Alejandro J Quintero**
6341 N.W. 87th Avenue
Miami, FL 33178
PRO SE

**All Counsel of Record via CM/ECF**