UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 20-CV-23146-RAR

**TIRE GROUP INTERNATIONAL**, **LLC**,

    Plaintiff,

v.

**TIRE GROUP INVESTMENT**, **LLC** and
**ALEJANDRO J. QUINTERO**,

    Defendants.
_____/

## ORDER AFFIRMING AND ADOPTING REPORT AND RECOMMENDATION

**THIS CAUSE** comes before the Court upon United States Magistrate Judge Lisette M. Reid's Report and Recommendation [ECF No. 52] ("Report"), filed on January 19, 2022. The Report recommends that Defendants Tire Group Investment, LLC and Alejandro J. Quintero be held in contempt of court based upon their failure to comply with the following Court orders: (1) Final Default Judgment and Permanent Injunction, enjoining them from infringing on Plaintiff's trademarks and ordering them to file with the Court and serve on Plaintiff a report in writing under oath showing how they have complied with the Order [ECF No. 26]; (2) Order Amending Final Default Judgment, holding both defendants jointly and severally liable to Plaintiff in the amount of $16,213.81 [ECF No. 42]; (3) Order Granting Plaintiff's Motion to Show Cause, requiring them to show cause as to why they should not be held in contempt and compelling them to complete a Florida Rule of Civil Procedure Form 1.977(a) Fact Information Sheet [ECF No. 44]; and (4) Order directing them to appear in court on November 17, 2021, for a contempt hearing [ECF No. 45]. The Report properly notified the parties of their ability to object and the deadline for doing so. Report at 5. Neither party filed objections.

When a magistrate judge's "disposition" has been properly objected to, district courts must review the disposition *de novo*.  FED. R. CIV. P. 72(b)(3).  However, when no party has timely objected, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  FED. R. CIV. P. 72 advisory committee's notes (citation omitted).  Although Rule 72 itself is silent on the standard of review, the Supreme Court has acknowledged Congress's intent was to only require a *de novo* review where objections have been properly filed, not when neither party objects.  *See Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge]'s factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings.").

Because the parties did not object to the Report, the Court did not conduct a *de novo* review of Magistrate Judge Reid's findings.  Rather, the Court reviewed the Report for clear error.  Finding none, it is

**ORDERED AND ADJUDGED** as follows:

1. The Report [ECF No. 52] is **AFFIRMED AND ADOPTED**.

2. Pursuant to its inherent civil contempt power, the Court concludes that Defendants Tire Group Investment, LLC and Alejandro J. Quintero are in civil contempt of Court for their failure to comply with this Court's Orders.

3. In order to induce Defendants to comply with this Court's Orders, the Court hereby imposes a conditional fine of $100.00 per day for each day Defendants fail to comply with Court Orders, which fine shall begin accruing from the date of this Order.  Defendants may purge themselves of contempt by complying with all obligations imposed by this Court's Orders.  Once Defendants purge themselves of contempt, the fine imposed by this Order shall cease accruing.

4. The Court finds Defendants Tire Group Investment, LLC and Alejandro J. Quintero jointly and severally liable to Plaintiff in the amount of $2,442.50, which represents the costs and fees Plaintiff incurred in bringing Plaintiff's Motion for Order to Show Cause [ECF No. 44].

**DONE AND ORDERED** in Fort Lauderdale, Florida, this 7th day of February, 2022.

_____
**RODOLFO A. RUIZ II**
**UNITED STATES DISTRICT JUDGE**